Robert D. Lowry, OSB #802975
rdlowry@lowry-law.com
Robert D. Lowry, Attorney at Law
Citizens Building
975 Oak Street, Suite 790
P.O. Box 12010
Eugene, Oregon 97440
Telephone: (541) 687-7592
Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br> A California corporation, <br>         Plaintiff, <br>       v. <br> JORGE ALBERTO RIVERA, aka JORGE <br> ALBERTO GALAN, individually dba <br> EL JARRO AZUL MEXICAN & <br> SALVADORIAN FOOD FAMILY <br> RESTAURANT, <br>           Defendant. | Case No. 6:13-cv—1996-AA <br><br> ANSWER OF DEFENDANT <br> Theft of Cable Signal <br> (47 U.S.C. section 605, <br> 47 U.S.C. section 553) <br> and Conversion <br> Jury Trial Demanded |

COMES NOW Defendant, and for his Answer to Plaintiff's
Complaint, admits, denies and alleges as follows:

1.  Defendant admits the jurisdictional allegations in
paragraphs 1 and 2 with respect to the legal theory Plaintiff has
alleged under 47 U.S.C. Section 605 *et seq*.  Defendant denies
there is jurisdiction under 47 U.S.C. Section 553 *et seq*, and
further denies any factual allegations in support of Plaintiff's
legal theories.

2.  Defendant denies paragraphs 3 and 4, except that he

DEFENDANT JORGE ALBERTO RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES
Page 1 of 6

admits the events or omissions Plaintiff alleges, which Defendant denies, occurred in Oregon.

3.   Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 5, 8, 9, and 10.

4.   Defendant admits paragraph 6.

5.   Defendant denies paragraphs 11, 13, 14, 15, 17, 18, 19, 20, 22, 23, and 24.

6.   Defendant admits the allegation in paragraph 12 that 47 U.S.C. Section 605, *et seq* states what 47 U.S.C. Section 605 *et seq* specifically provides what it states as published but lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph or the application of said provisions to Plaintiff's suit.

7.   Defendant denies paragraphs 7, 16, and 21 and, except as specifically admitted or alleged further above, Defendant denies each and every other allegation contained therein and the whole thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

8.   Plaintiff has failed to state a claim upon which relief may be granted.

//

//

DEFENDANT JORGE ALBERTO RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES
Page 2 of 6

## Second Affirmative Defense

### (47 U.S.C. Section 553 *et seq* does not apply)

9.   Plaintiff alleges that 47 U.S.C. Section 553 *et seq* prohibits the unauthorized interception or receipt of communications service offered over a cable system.  Defendant did not receive communications service over a cable system and further states that any and all communication services Defendant did receive were expressly authorized by Plaintiff through its agent Dish Network acting with apparent as well as express authority.

## Third Affirmative Defense

### (Authorization by Plaintiff's agent satellite provider)

10.   Viewing of "*Manny Pacquiao v. Juan Manuel Marquez*" by Defendant and guests at Defendant's restaurant and bar was expressly authorized by Plaintiff's agent, satellite provider Dish Network, who physically installed the receiver at that location and provided the subject communication services to Defendant for its stated fee.

## Fourth Affirmative Defense

### (Satellite provider agent of Plaintiff)

11.   In providing the "*Manny Pacquiao v. Juan Manuel Marquez*" fight viewing to Defendant, his satellite service provider Dish Network was acting as, and Defendant understood and detrimentally relied on his belief that Dish Network was acting as, an express or implied agent of the entity with the television distribution rights to the fight, Plaintiff alleges herein to be

DEFENDANT JORGE ALBERTO RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES
Page 3 of 6

itself.  At all times material, Dish Network knew the conditions under which Plaintiff allowed it to offer the fight viewing to its customers, including Defendant, knew or should have known that it, Dish Network, had installed the satellite service in Defendant's commercial establishment, and with that knowledge offered the fight viewing to Defendant at the price Defendant paid to Plaintiff's agent.  At no time did Dish Network tell Defendant that it had to pay other than Dish billed it, and Defendant paid, for the viewing, or that there were any restrictions on where the fight could be viewed or by whom.  Plaintiff, as principal, is bound by the actions of its agent, Dish Network, on which Defendant reasonably and detrimentally relied.

### Fifth Affirmative Defense

### (Commercial account)

12.  At all times material, Dish Network knew that the program would be viewed at Defendant's restaurant because it physically installed its satellite service in Defendant's business location and consequently Defendant's account with Dish Network was clearly actually or implicitly on a commercial account, whether or not it was administratively set up as such by Dish, separate and distinct from Defendant's personal or residential account.  At no time did Dish Network advise Defendant that it had to pay other for the "*Manny Pacquiao v. Juan Manuel Marquez*" fight than the amount Dish Network actually

DEFENDANT JORGE ALBERTO RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES
Page 4 of 6

charged Defendant, and which Defendant paid, or that there were any restrictions on where the fight could be watched or by whom.

### Sixth Affirmative Defense

### (Estoppel)

13.   Plaintiff, as the principal of its agent, Dish Network, is estopped, because of the actions, omissions, and express or implied representations of its agent to Defendant as alleged above and incorporated by reference herein, upon which Defendant reasonably relied to its detriment, to bring any of the claims it now alleges against Defendant.

### Seventh Affirmative Defense

### (Waiver)

14.   Plaintiff, as the principal of its agent, Dish Network, waived, because of the actions, omissions, and express or implied representations of its agent to Defendant as alleged above and incorporated by reference herein, all of the claims it now alleges against Defendant.

### Eighth Affirmative Defense

### (No profits)

15.   Defendant did not receive any profits from a showing of "*Manny Pacquiao v. Juan Manuel Marquez.*"

### Ninth Affirmative Defense

### (No commercial advantage or private financial gain)

16.   Defendant did not act willfully and for purposes of direct or indirect commercial advantage or private financial gain from any showing of "*Manny Pacquiao v. Juan Manuel Marquez.*"

DEFENDANT JORGE ALBERTO RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES
Page 5 of 6

### Tenth Affirmative Defense

### (Defendant not aware of violation)

17.  Defendant was not aware and had no reason to believe that his acts might have constituted a violation of 47 U.S.C. Sections 553 or 605 *et seq*.

### Eleventh Affirmative Defense

### (Good faith)

18.  Defendant was at all times acting in good faith.

### Twelfth Affirmative Defense

19.  Plaintiff has not sued the necessary party.

### Thirteenth Affirmative Defense

20.  Plaintiff has not brought into this suit an indispensible party, namely its agent Dish Network.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that it be dismissed, that Plaintiff take nothing thereby, and that Defendant have judgment against Plaintiff for his costs and disbursements incurred herein including his attorney fees.

DATED this 10th day of February, 2014.

/s/ Robert D. Lowry

Robert D. Lowry - OSB #802975
Citizens Building
975 Oak Street, Suite 790
P.O. Box 12010
Eugene, Oregon 97440
rdlowry@lowry-law.com
Telephone: (541) 687-7592
Attorney for Defendant

DEFENDANT JORGE ALBERTO RIVERA'S ANSWER AND AFFIRMATIVE DEFENSES
Page 6 of 6

### CERTIFICATE OF SERVICE

I certify that on February 10, 2014 I served a true, exact and full copy of the foregoing Defendant's Answer through the CM/ECF system, which caused the following counsel to be served by electronic means:

Samuel C. Justice
Attorney at Law
610 SW Alder St., Suite 1000
Portland, OR  97204-3611


/s/ Robert D. Lowry
_____
Robert D. Lowry, OSB #802975
of Attorneys for Defendant