IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J&J SPORTS PRODUCTIONS, INC.,
a California corporation,

    Plaintiff,

  v.

JORGE ALBERTO RIVERA, aka
JORGE ALBERTO GALA,
individually dba EL JARRO AZUL
MEXICAN & SALVADORIAN FOOD
FAMILY RESTAURANT,

    Defendant.

---

JORGE ALBERTO RIVERA, aka
JORGE ALBERTO GALA,
individually dba EL JARRO AZUL
MEXICAN & SALVADORIAN FOOD
FAMILY RESTAURANT,

    Third-Party Plaintiff,

  v.

DISH NETWORK CORPORATION, a
Nevada corporation,

    Third-Party Defendant.

---

Case No. 6:13-cv-01996-AA
OPINION AND ORDER

Page 1 - OPINION AND ORDER

Samuel C. Justice
Law Office of Samuel C. Justice
610 S.W. Alder Street, Suite 1000
Portland, Oregon 97205
    Attorney for plaintiff

Robert D. Lowry
Law Firm of Robert D. Lowry
975 Oak Street, Suite 790
Eugene, Oregon 97401
    Attorney for defendant/third-party plaintiff

Abby R. Michels
Preg O'Donnell & Gillett, PLLC
222 S.W. Columbia, Suite 1575
Portland, Oregon 97201
    Attorney for third-party defendant

AIKEN, Chief Judge:

Third-party defendant Dish Network Corporation ("Dish") moves to dismiss defendant/third-party plaintiff Jorge Alberto Rivera's ("JAR") claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Dish's motion is granted in part and denied in part.

## BACKGROUND

At some unspecified time, plaintiff J&J Sports Productions, Inc. ("J&J") purchased the exclusive nationwide television rights to the "Manny Pacquiao v. Juan Manual Marquez, WBO Welterweight Championship" ("Fight"). J&J subsequently entered into sublicensing agreements regarding distribution of the Fight with various entities, including Dish, a satellite television service provider. Thereafter, JAR contacted Dish to procure the Fight for his restaurant located in Eugene, Oregon.

On August 26, 2011, Dish installed satellite television service at JAR's restaurant and the parties executed a "Digital Home Advantage Plan" ("Contract"), written in English, pursuant to which JAR agreed not to air the Fight to the public or in a

Page 2 - OPINION AND ORDER

commercial establishment. See Dish's Mem. in Supp. of Mot. Dismiss Exs. 1-2.[1] On November 12, 2011, JAR displayed the Fight at his restaurant.

On November 8, 2013, J&J filed a complaint in this Court against JAR, alleging federal claims pursuant to 47 U.S.C. § 553 and 47 U.S.C. § 605, as well as a conversion claim under Oregon common law. On February 20, 2014, JAR filed a third-party complaint against Dish, asserting a right to indemnity and contribution arising out of J&J's underlying conversion claim. On May 2, 2014, Dish moved to dismiss JAR's third-party claims.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202,

---

[1] Dish appends the Contract and case law to its motion. JAR does not dispute the authenticity of these documents or object to their consideration. See JAR's Resp. to Mot. Dismiss 1-2.

Page 3 - OPINION AND ORDER

1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Dish contends that dismissal is warranted because JAR fails to state a cognizable claim for relief under Oregon law. Specifically, Dish argues JAR "is primarily liable for [his] intentional actions and [therefore] cannot obtain indemnity from Dish when Dish was allegedly negligent." Dish's Mem. in Supp. of Mot. Dismiss 7. Additionally, Dish asserts that JAR cannot "recover contribution from Dish [because] Dish is not liable to Plaintiff for the same injury." Id. Lastly, according to Dish, Simply Satellite, "an independent contractor" who "installed all Dish equipment that is relevant to [JAR's] claims," is a required party under Fed. R. Civ. P. 19.[2] Id. at 8-9.

I. Preliminary Matters

Two preliminary issues merit clarification before the Court reaches the substantive merits of Dish's motion.

A. New Facts

Via his opposition, surreply, and response to this Court's June 10, 2014, order, JAR seeks to introduce several new facts in support of his third-party claims. Notably, JAR includes and relies on the following facts in opposing Dish's motions:

(1) "Dish acted knowingly and intentionally in selling

---

[2] Dish also argues that dismissal is required because JAR's "satellite plan was entered into with Dish Network, LLC, not Dish Network Corporation." Dish's Mem. in Supp. of Mot. Dismiss 7. As JAR notes, Dish Network, LLC is a wholly-owned subsidiary of Dish Network Corporation. See Lowry Decl. Ex. 2. Moreover, the case law that Dish attaches to its motion indicates that any distinction between Dish Network, LLC and Dish Network Corporation is legally meaningless in the present context. See Dish's Mem. in Supp. of Mot. Dismiss Exs. 3-5. The Court finds this argument without merit and declines to address it further.

Page 4 - OPINION AND ORDER

and arranging for the subject program to be viewed specifically at Rivera's place of business";

(2) "[JAR's wife was] contacted by someone identifying themselves as a representative of Dish, and that Dish representative went on to explain in substance that 'an error had been made' with her Dish account'; that it had been erroneously 'set up' by Dish in error, as a 'residential' account; that Dish was immediately cancelling it; and that she now needed to set up a 'commercial' account with Dish";

(3) "Defendant/third-Party Plaintiff acknowledges that it received that three-page [Contract] but also notes the following: The document [is] written in [English] using very complex language [but] [JAR's wife] is (Salvadorean) Spanish-speaking as her primary language and [JAR] barely speaks any English at all"; and

(4) "Dish clearly understood the severe English-speaking limitations of [JAR] as its regular billings to [JAR] are in fact in Spanish."

JAR's Resp. to Mot. Dismiss 5; JAR's Surreply to Mot. Dismiss 2; JAR's Resp. to Ct. Order 2.

The Court notes that JAR's first new assertion is contradicted by the plain language of his third-party complaint. Compare JAR's Resp. to Mot. Dismiss 5 ("Dish acted knowingly and intentionally"), with Third-Party Compl. ¶¶ 4-5 ("Dish representatives negligently and with possible damage to Rivera being reasonably foreseeable"); see also Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, *3-4 (D.Or. Nov. 7, 2013) (disregarding new allegations first raised in an opposition to a motion to dismiss where, amongst other defects, "they contradict[ed] plaintiffs' FAC"). JAR would have known at the time he filed his third-party claims whether Dish's actions were negligent or intentional. In other words, because his third-party complaint "uses the word 'negligently' and cites the applicable standard for negligence in Oregon - foreseeability," JAR's indemnity claim proceeds under a negligence theory, despite his

Page 5 - OPINION AND ORDER

present assertion to the contrary. Dish's Reply to Mot. Dismiss 2.

Concerning JAR's remaining new allegations, the third-party complaint is silent as to these matters, in part because one of the aforementioned events transpired "literally just a few hours after Dish's Reply" was filed. JAR's Surreply to Mot. Dismiss 2. Ordinarily, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Nevertheless, given that JAR expressed an intent to amend the third-party complaint if his claims are dismissed, combined with the fact that this case is slated for judicial settlement, the Court finds that considering JAR's new allegations promotes judicial economy. Thus, the Court considers JAR's new allegations in evaluating Dish's motion, except to the extent they explicitly contravene his third-party complaint.

B.  Simply Satellite

Where the plaintiff "fail[s] to join a party under Rule 19," the court must dismiss the action. Fed. R. Civ. P. 12(b)(7). Fed. R. Civ. P. 19, in turn, "provides a three-step process for determining whether the court should dismiss an action for failure to join an indispensable party." Dalrada Fin. Corp. v. All Staffing, Inc., 2008 WL 2774530, *2 (S.D.Cal. July 16, 2008) (citing United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999)). First, the court must determine whether the absent party is "necessary." Id. (citations omitted). Second, "[i]f the absent party is 'necessary,' the court must determine whether joinder is 'feasible.'" Id. (citations omitted). "Finally, if joinder is not 'feasible,' the court must decide whether the absent party is

Page 6 - OPINION AND ORDER

'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." Id. (citations omitted). The moving party "bear[s] the burden in producing evidence in support of the motion." Id. (citation and internal quotations omitted).

The Court does not find Simply Satellite to be a necessary party. "[A] party is [not] 'necessary' [if] 'complete relief' can be accorded among the existing parties." Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992) (citation omitted). Here, JAR represents that all of his or his wife's communications concerning the Fight and the underlying satellite subscription were directly with Dish. See Third-Party Compl. ¶¶ 4-5; JAR's Resp. to Mot. Dismiss 1-2. Indeed, according to JAR, Dish recently acknowledged its mistake in establishing a residential, as opposed to a commercial, account at his restaurant. See JAR's Surreply to Mot. Dismiss 2. Further, the Contract was unambiguously executed between Dish and JAR's wife and agent. See Dish's Mem. in Supp. of Mot. Dismiss Ex. 1.

The Court recognizes that Dish disputes whether and to what extent it was involved in the provision of satellite services to JAR's commercial establishment. See Dish's Reply to Mot. Dismiss 6 ("[JAR] did not contact Dish to set up [his] satellite plan or programming for the fight, [he] contacted Simply Satellite"); Werner Decl. ¶ 3 ("Dish received no direct communication from [JAR] upon setting up [his] Dish account"). The Court, however, must accept JAR's well-pleaded allegations as true, as well as refrain from making credibility determinations, at this stage in the proceedings. Moreover, the fact remains that, beyond introducing

Page 7 - OPINION AND ORDER

conclusory declarations that "Simply Satellite is an independent contractor for Dish," Dish neglected to set forth any argument or evidence regarding their employment relationship. Weeks Decl. ¶ 4; Werner Decl. ¶ 3; see also Frank v. Cascade Healthcare Cmty., Inc., 2013 WL 867387, *17 (D.Or. Mar. 6, 2013) ("the parties' description of their legal relationship does not control the legal implications of [that] relationship") (citations omitted).

Even assuming Dish sufficiently demonstrated that complete relief between the existing parties is impossible without Simply Satellite, Dish nonetheless failed to meet its burden in regard to the latter two Fed. R. Civ. P. 19 requirements. Significantly, because J&J's underlying claims are premised on federal law, Dish does not assert, nor can it, that joinder of Simply Satellite would destroy subject-matter jurisdiction. See Wilbur v. Locke, 423 F.3d 1101, 1112 (9th Cir. 2005) ("a person is regarded as indispensable when he cannot be made a party and, upon consideration of the factors in Rule 19(b), it is determined that in his absence it would be preferable to dismiss the action") (citation and internal quotations omitted); see also Third-Party Compl. ¶ 1; Dish's Mem. in Supp. of Mot. Dismiss 8-9. The proper course of action under these circumstances would be to compel joinder of Simply Satellite, as opposed to dismissing Dish as a third-party defendant. See Sanguinetti v. Viewlogic Sys., Inc., 1996 WL 33967, *2 (N.D.Cal. Jan. 24, 1996). For these reasons, Dish's motion is denied as to this issue.

II. Indemnity Claim

In evaluating whether a cause of action exists, the court examines the law of the state where the alleged tort occurred. See

Page 8 - OPINION AND ORDER

Molsbergen v. United States, 757 F.2d 1016, 1020 (9th Cir.), cert. denied, 473 U.S. 934 (1985). Where, as here, "the state's highest court has not adjudicated the issue, the district court must make a reasonable determination, based upon such recognized sources as statutes, treatises, restatements and published opinions, as to the result that the highest state court would reach if it were deciding the case." Id.

Under Oregon law, "[a] party seeking indemnity must plead and prove three elements: (1) plaintiff has discharged a legal obligation owed to a third party; (2) defendant was also liable to the third party; and (3) as between plaintiff and defendant, the obligation ought to be discharged by the latter, in that plaintiff's liability was 'secondary' or its fault merely 'passive,' while that of the defendant was 'active' or 'primary.'" Arch Chemicals, Inc. v. Radiator Specialty Co., 727 F.Supp.2d 997, 998 (D.Or. 2010) (citing Fulton Ins. v. White Motor Corp., 261 Or. 206, 210, 493 P.2d 138 (1972), superseded in part on other grounds, Waddill v. Anchor Hocking, Inc., 330 Or. 376, 8 P.3d 200 (2000)). Where these elements are met, common law indemnity shifts "the full responsibility for joint liability to an injured third party." Maurmann v. Del Morrow Constr., Inc., 182 Or.App. 171, 178, 48 P.3d 185 (2002). In other words, due to their relative levels of culpability, a party who commits an intentional tort is not entitled to indemnity from a negligent party. See Burton v. Mackey, 104 Or.App. 361, 363-64, 801 P.2d 865 (1990) (dismissing a common law indemnity claim where the perpetrator of fraud sought indemnity from an allegedly negligent party).

As discussed above, JAR's indemnity claim proceeds under a

Page 9 - OPINION AND ORDER

negligence theory. As such, whether JAR states an indemnity claim against Dish hinges on whether conversion is an intentional tort in Oregon. Conversion is defined as "'an intentional exercise of dominion and control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" Morrow v. First Interstate Bank, N.A., 118 Or.App. 164, 171, 847 P.2d 411 (1993) (quoting Mustola v. Toddy, 253 Or. 658, 663, 456 P.2d 1004 (1969)). This definition has been interpreted to include both negligent and intentional aspects: "[i]n character or degree, conversion may occur on a spectrum from the most outright, blatant kind of theft to what may be regarded as innocent conversion." In re Conduct of Martin, 328 Or. 177, 184-85, 970 P.2d 638 (1998) (citation and internal quotations omitted). As such, the defendant's action in controlling the chattel must be willful, although he or she need not intend the consequences or have knowledge that the property at issue belongs to another.

Essentially, JAR asserts that, given the equitable nature of indemnity, justice requires Dish to bear J&J's damages in the case at bar; JAR made a good faith effort to legally purchase and broadcast the Fight, and, but for Dish's acts in negligently misrepresenting the license as commercial and providing a foreign-language Contract, J&J would not have been injured. Thus, according to JAR, as between himself and Dish, Dish was the more culpable party. See, e.g., Third-Party Compl. ¶ 6 ("[JAR's] actions were passive and secondary while those of Dish were active and primary"); JAR's Resp. to Mot. Dismiss 5-6 ("[a]s pled, DISH's actions were as 'intentional' and knowledgeable as J&J Sports has

Page 10- OPINION AND ORDER

alleged Rivera's actions to be in its conversion claim").

Given that it is written in English, using complex or atypical language, the Court cannot conclude that JAR or his wife and agent read and understood the Contract. Further, without the Contract, it was reasonable for JAR to believe he was procuring commercial satellite services, especially since Dish has now acknowledged its error in installing a residential account at JAR's restaurant. See JAR's Surreply to Mot. Dismiss 2; Third-Party Compl. ¶¶ 4-5. Furthermore, the parties have not cited to, and the Court is not aware of, any Oregon authority expressly defining conversion as an intentional tort or otherwise indicating "that third-party indemnity claims are purportedly barred where a plaintiff has pled a claim for conversion." JAR's Resp. to Mot. to Dismiss 6. Accordingly, this case is distinguishable from the out-of-circuit precedent upon which Dish relies. See Dish's Mem. in Supp. of Mot. Dismiss Exs. 3-5. Given the totality of the circumstances, and the relevant standards of Rule 12(b)(6), JAR adequately states an indemnity claim under Oregon law and Dish's motion is denied in this regard.

III. Contribution Claim

The general right to contribution in Oregon is governed by statute: "'where two or more persons become jointly or severally liable in tort for the same injury to person or property . . . there is a right of contribution among them.'" Ironwood Homes, Inc. v. Bowen, 719 F.Supp.2d 1277, 1292-93 (D.Or. 2010) (quoting Or. Rev. Stat. § 31.800). As such, "[a] party seeking contribution must prove it has a 'common liability' with the party from whom the contribution is sought." Id. (citation omitted).

Page 11- OPINION AND ORDER

Here, J&J alleges that JAR is liable for violations of federal and state law because he aired the Fight in his restaurant without acquiring a license to do so. See generally Compl. Dish's liability, on the other hand, is based on its failure to enter into the requested commercial satellite agreement with JAR. See Third-Party Compl. ¶¶ 4-6. The grounds for imposing liability on Dish are therefore not the same as the grounds for imposing liability on JAR. See Ironwood Homes, 719 F.Supp.2d at 1293 (dismissing a contribution claim where the "same injury" requirement was not met) (citing Jensen v. Alley, 128 Or.App. 673, 677, 877 P.2d 108 (1994)).

Critically, despite the fact that Dish expressly raised this issue in its motion, JAR failed to address or otherwise acknowledge the same injury requirement. See Dish's Mem. in Supp. of Mot. Dismiss 7; JAR's Resp. to Mot. Dismiss 12; see also Dish's Reply to Mot. Dismiss 4 (JAR "does not dispute Dish's argument that the parties are not alleged to have caused the same injury"). Where, as here, "a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." (citation and internal quotations omitted). Bojorquez, 2013 WL 6055258 at *5. Because common liability is lacking, Dish's motion is granted as to JAR's contribution claim.

## CONCLUSION

Dish's motion to dismiss (doc. 12) is GRANTED as to JAR's third-party contribution claim and denied in all other respects. The parties' requests for oral argument are DENIED as unnecessary.
///
///

Page 12- OPINION AND ORDER

IT IS SO ORDERED

Dated this 18th of June 2014.

                              */s/ Ann Aiken*
                              Ann Aiken
                    United States District Judge